IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| PETER P. CORRENTE, | : | BANKRUPTCY NO.: 5-09-bk-06494-JJT |
| DEBTOR | : | |
| WILLIAM G. SCHWAB, Trustee for the Bankruptcy Estate of Peter P. Corrente, | : | {**Nature of Proceeding**: Motion of Defendant GMAC Mortgage, LLC to Dismiss the Complaint (Doc. #11) |
| PLAINTIFF | : | Trustee's Cross-Motion for Partial Summary Judgment (Doc. #15) |
| vs. | : | |
| GMAC MORTGAGE, LLC, and LPS FIELD SERVICES, INC., | : | Motion of Defendant, LPS Field Services, Inc. to Dismiss the Trustee's Complaint (Doc. #18)} |
| DEFENDANTS | : | **ADVERSARY NO.: 5-11-ap-00054-JJT** |

# OPINION

An odd set of facts has precipitated this adversary litigation seeking damages for a violation of the automatic stay. In response to that Complaint, the Defendants, GMAC Mortgage, LLC and LPS Field Services, Inc., have moved for dismissal, and the Trustee has counter moved for partial summary judgment.

Some background may be helpful.

The Debtor, Peter Corrente, built a structure erroneously on a lot (Lot 1503) adjoining the lot he actually owned (Lot 1505). GMAC financed the construction but secured it by a mortgage on the property the Debtor *actually* owned. Peter Corrente filed Chapter 7 bankruptcy, and his Trustee is attempting to "sell" the structure on the lot Peter Corrente doesn't own to Falcon Crest

[K:\Cathy\Opinions-Orders filed 2011\5-11-ap-00054-JJT_Corrente.pdf]

Case 5:11-ap-00054-JJT    Doc 20    Filed 10/13/11    Entered 10/13/11 15:02:49    Desc
Main Document      Page 1 of 4

Homes, the owner of the lot upon which the structure sits.

As if this wasn't hard enough to follow, GMAC, through its agent, LPS, allegedly attempted to winterize the structure on the lot owned by Falcon Crest, and the Trustee argues that not only was the entry improper, but the work was done in such a manner as to cause damage to the structure on Falcon Crest's lot.

So why, you may ask, does the Trustee care about GMAC's entry on Falcon Crest's lot? Simply (if such a word could be utilized in this context) because the Trustee was in the process of selling Peter Corrente's constructed house to Falcon Crest.

The address of the home where Peter Corrente resided prior to his bankruptcy was identified as 42 Old Stage Road. This was included as part of the description of the GMAC mortgage and furnishes the ammunition for the argument that GMAC and the Trustee have an interest in the lot owned by Falcon Crest. I would think that a legal description in deeds and mortgages, even those incorporated by reference to a recorded map, would prevail over a street address. *Marcus v. Redevelopment Authority of City of Philadelphia,* 62 Pa. D. & C.2d 178, 180 (1973) ("[T]he rule is that the specific averments are to be given effect over more general averments which are contradictory to the former"). Nevertheless, Falcon Crest has apparently accepted the Trustee's position to the point that it has offered the Trustee $42,000 for the surrender of the Trustee's interest in the structure.

As if this wasn't sufficiently befuddling, the Trustee has reported his "sale" on December 10, 2010, of the estate's interest in Lot 1503. (Doc. #54 filed to Bankruptcy Case No. 5-09-bk-06494-JJT.)

Taking the facts in a light most favorable to the Plaintiff/Trustee, I can only conclude that

attaching this structure to the real estate of another negates the argument that it is still owned by Peter Corrente and, thus, his Trustee. Items permanently attached to realty become part of the realty and would thus belong to the owner of the realty, in this case, Falcon Crest. See, generally, *Clayton v. Lienhard*, 312 Pa. 433, 436-37, 167 A. 321, 322 (1933). That is not to say Peter Corrente and the Trustee did not have a cause of action against others, including Falcon Crest, but it is that cause of action which appears to be property of the estate, not the house itself. This fact strikes me as pivotal under 11 U.S.C. § 362(a), since the alleged actions by the Defendants appear to have affected the property of Falcon Crest. Those actions do not appear to have impacted the cause of action the Trustee may have against others. At least, I cannot discern from the Complaint how the Defendants actions may have affected the rights of the Trustee. This is an essential element of the holding of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). All I could discern from the Complaint is that a structure on the property of Falcon Crest may have been entered and/or damaged by the Defendants. The Trustee claims to own the structure on Lot 1503 (Complaint for Violation of the Automatic Stay and Damages to Estate Property at ¶15, Doc. #1) while conceding that Lot 1503 is owned by Falcon Home, Inc. (Complaint for Violation of the Automatic Stay and Damages to Estate Property at ¶16, Doc. #1). In the absence of a plausible allegation that the Trustee was, *in fact*, the owner of the structure on the Falcon Crest lot, I simply cannot ascertain in what manner the Trustee's cause of action against others was interfered with and/or damaged by the Defendants purported actions. At the very least, the pleadings should contain a logical explanation as to how a residential structure built on the real estate of a non debtor is included as property of the estate.

      For these reasons I will grant the Motions to Dismiss filed by the Defendants and deny

the Cross-Motion for Partial Summary Judgment filed by the Trustee.

My Order will follow.

By the Court,

Date: October 13, 2011

John J. Thomas, Bankruptcy Judge

(CMS)